**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

**LEARY SHORT,**

    **Plaintiff,**

v.                                                                            Case No.  8:08-CV-145-T-30TGW

**BRYN ALAN STUDIOS, INC. and
HARVEY E. PARIDO, JR.,**

    **Defendants.**
_____/

## ORDER

THIS CAUSE comes before the Court upon Defendants' Motion to Dismiss Count II of the Complaint and Incorporated Memorandum of Law (Dkt. 6) and Plaintiff's response thereto (Dkt. 7).  Having considered the parties' arguments, applicable statutes, and controlling case law, and being otherwise duly advised in the premises, the Court finds that Defendants' Motion to Dismiss Count II of the Complaint should be denied.

### Standard of Review

At the motion to dismiss stage, this Court must view the complaint in the light most favorable to Plaintiff and construe all allegations in the complaint as true.  Hishon v. King & Spaulding, 467 U.S. 69, 73 (1984).  A court may, however, dismiss a complaint on a dispositive issue of law.  Marshall Cty Bd. of Educ. v. Marshall Cty Gas Dist., 992 F.2d 1171 (11th Cir.1993).  Conclusory allegations "will not survive a motion to dismiss if not supported by facts constituting a legitimate claim for relief. . . However, the alleged facts

need not be spelled out with exactitude, nor must recovery appear imminent." Quality Foods DeCentro America S.A. v. Latin Am. Agribusiness Dev. Corp., 711 F. 2d 989, 995 (11th Cir. 1983).  A motion to dismiss is appropriate when it appears "beyond a reasonable doubt" that a  plaintiff can prove no set of facts to support his claim. Conley v. Gibson, 355 U.S. 41, 45-46 (1957); South Florida Water Mgt. Dist. v. Montalvo, 84 F. 3d 402, 406 (11th Cir. 1996).

## Discussion

Defendant Bryn Alan Studios, Inc. ("BASI"), is owned and operated by Defendant Harvey E. Parido ("Parido").  Defendants hired Plaintiff on August 19, 2005, as a lead photographer, a position which he held until his termination on September 18, 2007, for reasons not disclosed in the complaint. Initially, as a salaried employee, Plaintiff was required to work a minimum of 20 hours a week. According to Plaintiff, Defendants subsequently reclassified him as an hourly employee.

Following his termination, Plaintiff commenced this action by filing a two-count complaint in the Thirteenth Judicial Circuit Court in and for Hillsborough County, Florida, asserting that Defendants BASI and Parido are jointly and severally liable to Plaintiff for unpaid wages, unpaid overtime, liquidated damages, interest, attorney's fees, and costs (Dkt. 2 at 21). Specifically, Plaintiff is seeking damages in Count I of his complaint for unpaid overtime wages under the Fair Labor Standards Act ("FLSA"), codified at 31 U.S.C. § 207, and in Count II for unpaid sitting fees, commissions and/or bonuses, and accrued vacation pay, as well as an award of attorney's fees under Fla. Stat. § 448.08.

Defendants were served with process on December 31, 2007. They removed the case to federal court on January 22, 2008, asserting the presence of a federal question as a basis for federal jurisdiction over the suit.  See 28 U.S.C. §§ 1331 and 1441 (allows for removal of "any civil action of which the district courts have original jurisdiction.").

Defendants now move under Fed. R. Civ. P. 12(b)(6) to dismiss Plaintiff's state law claims, set out in Count II of his complaint as follows:

23. Defendant had a practice of paying its employee photographers remuneration in the form of sitting fees for each individual the photographer photographed on Defendant's behalf;

24. As an employee of Defendants and a lead photographer, Plaintiff . . . was entitled to payment of these sitting fees for jobs Plaintiff . . . photographed on Defendant's behalf.

25. Defendants have failed to pay Plaintiff . . . some and/or all of the remuneration for sitting fees which Plaintiff . . . earned while employed by Defendant.

26. Defendant also had a practice of paying its photographers bonuses and/or commissions when Defendants' customer(s) purchased a package of photographs taken by the employee photographer . . . .

27. As an employee of Defendants and a lead photographer, Plaintiff . . . was entitled to photography package commissions for photography packages Defendants sold containing photographs taken by Plaintiff.

28. Defendants failed to pay Plaintiff . . . some and/or all of the photography package commissions Plaintiff . . . earned while employed by Defendant.

29. Upon information and belief, the records concerning the number of individuals Plaintiff . . . photographed, . . photography packages sold[,] and the amounts, if any, Defendants paid to Plaintiff . . , to the extent any records exist, are in Defendants' possession and custody.

30. Plaintiff had earned one (1) week's paid vacation before Defendants terminated Plaintiff on September 18, 2007.

> 31. Defendants terminated Plaintiff . . . but failed to pay him any wages for this earned vacation pay.
>
> 32. Defendants willfully failed to pay Plaintiff . . . his wages earned for vacation pay, sitting fees and photography package commissions.
>
> 33. Defendants' failure to pay wages owed to Plaintiff . . . entitle Plaintiff . . . to attorney's fees and costs pursuant to Florida Statute § 448.08.

Dkt. 2 at 4-5.  In support of their motion to dismiss, Defendants contend that:

> Plaintiff has failed to specify any underlying cause of action in Count II. Defendants further argue that Plaintiff's claim in Count II fails because Plaintiff has failed to allege any contractual or statutory basis to substantiate entitlement to such monies and fails to provide any basis to support a cause of action for their recovery. Plaintiff alleges only that Defendant Bryn Alan has a "practice" of making such payments to its photographer employees.  The allegation is insufficient to impute any legal obligation on the part of the Defendants to make the payments. Further, he has not established that he is personally entitled to any such payments, and, even if he is so entitled, he has not stated the amount of unpaid wages to which he claims he is due.

Dkt. 6 at 2.

A review of the complaint refutes Defendants assertion that "Plaintiff has failed to specify any underlying cause of action in Count II." To the contrary, here, Plaintiff asserts that Defendants failed to pay him compensation due him in the form of sitting fees he earned as a lead photographer and commissions and/or bonuses he became entitled to when Defendants sold packages of photographs Plaintiff took while in their employ. Plaintiff further asserts that when his employment was terminated, Defendants failed to pay him accrued vacation pay.

"[A] complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations." Bell Atlantic Corp. v. Twombly, __ U.S. __, 127 S.Ct. 1955, 1964 -1965

(2007) (citing Sanjuan v. American Bd. of Psychiatry and Neurology, Inc., 40 F.3d 247, 251 (7th Cir. 1994)). The purpose of the pleading is to facilitate a proper decision on the merits; "[a]ny need to plead facts that, if true, establish *each* element of a 'cause of action' was abolished by the Rules of Civil Procedure in 1938." Sanjuan, supra (emphasis added). All [Rule 8(a)] require[s] is a "short and plain statement of the claim that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests," Conley v. Gibson, 355 U.S. 41, 47 (1957), and a demand for the relief sought. See Fed. R. Civ. P. 8(a) (2007). In the present case, Plaintiff has presented enough fact to raise a reasonable expectation that discovery will reveal evidence that he is owed compensation for work he performed while employed by Defendants. Following the guide of Rule 8(e) that "[p]leadings must be construed so as to do justice," the Court concludes that Plaintiff's complaint adequately sets forth a claim and gives Defendants fair notice of its basis.

Finally, as Defendants point out in their motion to dismiss, Plaintiff cites Fla. Stat. § 448.08 as the basis for his unpaid wages claim. Section 448.08 does not create or otherwise provide for a cause of action for back wages;[1] it relates instead to payment of attorneys' fees to a prevailing party in an action for back wages. Fla. Stat. § 448.08 ("The court may award to the prevailing party in an action for unpaid wages costs of the action and a reasonable attorney's fee."); Ocean Club Community Ass'n, Inc. v. Curtis, 935 So.2d 513, 515 (Fla. 3d

---

[1] See Dade County v. Pena, 664 So.2d 959 (Fla. 1995) (entitlement to attorneys' fees does not extend to administrative proceedings for wrongful termination); Joseph v. Commonwealth Land Title Ins. Co., 707 So.2d 376 (Fla. 5th DCA 1998) (court denied the claim for attorneys' fees pursuant to Fla. Stat. § 448.08 because the suit involved *unaccrued* wages that *would have been* due had the plaintiff's employment not been terminated).

DCA 2006).[2] Here, it appears that the appropriate basis for Plaintiff's recovery of unpaid wages claim would be Florida common law. See Goehring v. Broward Builders Exchange, Inc., 222 So.2d 801 (Fla. 4th DCA 1969) (citation omitted), *reversed in part on other grounds*, Broward Builders Exchange, Inc. v. Goehring, 231 So.2d 513 (1970). The Court will, therefore, construe the claim raised in Count II of the Complaint pursuant to Florida common law. See Edwards v. Niles Sales & Service, Inc., 439 F.Supp.2d 1202, 1208 (S.D.Fla. 2006) (quoting McRae v. Douglas, 644 So.2d 1368, 1371 n.1 (Fla. 5th DCA 1994) ("McRae concedes that Count I was a common law action for recovery of unpaid wages").

As to the applicability of § 448.08, Florida law broadly construes wages within the meaning of § 448.08 to include all compensation paid by an employer for the performance of service by an employee. It is undisputed that this case involves a claim for unpaid *wages*, as defined by the Florida courts. See Stasser v. City of Jacksonville, 655 So.2d 234, 236 (Fla. 1st DCA 1995) (annual leave credits qualify as wages); Gulf Solar, Inc. V. Westfall, 447 So.2d 363, 366 (Fla. 2d DCA 1984) (applying the definitions given in Fla. Stat. § 443.036(31)(a)[3] and Black's Law Dictionary,[4] the court found that "commissions are wages

---

[2] In ruling on supplementary claims, the Court is bound by the law articulated by the Florida Supreme Court. See Shapiro v. Associated Int'l Ins. Co., 899 F.2d 1116, 1118 (11th Cir. 1990). If the Florida Supreme Court has not spoken on an issue, Florida District Court of Appeals decisions control absent persuasive indication that the Florida Supreme Court would rule otherwise. See Blanchard v. State Farm Mut. Auto. Ins. Co., 903 F.2d 1398, 1399 (11th Cir. 1990).

[3] Id. at 366 ("The term 'wages' is defined as 'all remuneration for employment, including *commissions* and *bonuses* and the cash value of all remuneration paid in any medium other than cash'" (emphasis added).).

[4] Id. (quoting Black's Law Dictionary 1416 (5th ed. 1979) ("A compensation given to a hired person for his or her services. Compensation of employees based on time worked or output of production. Every form of remuneration payable for a given period to an individual for personal services, including salaries, commissions, vacation pay, dismissal wages, bonuses and reasonable value of board, rent, housing, lodging, payments in kind, tips, and any other similar advantage received from the individual's employer or directly with respect to work for him . . . . Term should be broadly
(continued...)

as that word is used in section 448.08"); <u>Ocean Club Community Ass'n, Inc. v. Curtis</u>, 935 So.2d at 516 (same); <u>Community Design Corp. V. Antonell</u>, 459 So.2d 343, 346 (Fla. 3d DCA 1984) (same); <u>Ferry v. XRG Intern., Inc.</u>, 492 So.2d 1101, 1102 (Fla. 4th DCA 1986) (same); <u>Elder v. Islam</u>, 869 So.2d 600, 601-02 (Fla. 5th DCA 2004) (same). Clearly, sitting fees and commissions and/or bonuses, as well as accrued vacation pay, are considered "wages" for purposes of Fla. Stat. § 448.08.

### Conclusion

Defendants fail to cite, and the Court is unaware of, any legal support for their contention that Plaintiff's failure to allege any contractual or statutory basis to substantiate an entitlement to unpaid sitting fees, bonuses, commissions, and accrued vacation pay renders Count II fatally flawed. Having reviewed the complaint, the Court concludes that Plaintiff has sufficiently alleged a cause of action to withstand a Rule 12(b)(6) challenge.

It is therefore **ORDERED** and **ADJUDGED** that Defendants' Motion to Dismiss Count II of the Complaint and Incorporated Memorandum of Law (Dkt. 6) is **DENIED**.

**DONE** and **ORDERED** in Tampa, Florida on May 28, 2008.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Odd\2008\08-cv-145 Motion to Dismiss.wpd

---

$^{4}$(...continued) defined and includes not only periodic monetary earnings but all compensation for services rendered without regard to manner in which such compensation is computed" (citations omitted)).